# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARLINGTON INDUSTRIES, INC., | |
| Plaintiff, | CIVIL ACTION NO. 3:02-CV-0134 |
| v. | (JUDGE CAPUTO) |
| BRIDGEPORT FITTINGS, INC., | |
| Defendant. | |

## MEMORANDUM

Before the Court is Defendant's Motion for Reconsideration (Doc. 133) of the Court's August 17, 2012 Memorandum and Order (Docs. 129–130) granting in part and denying in part motions *in limine* (Docs. 98, 100, 104) pertaining to the scope of allowable evidence at the upcoming hearing on Plaintiff's Motion for Contempt, scheduled for October 25 & 26, 2012. Because the Court did not commit clear error in precluding Bridgeport's evidence as to its "randomly chosen features," Defendant's Motion for Reconsideration will be denied.

## I. BACKGROUND

Plaintiff Arlington Industries, Inc. ("Arlington") and Defendant Bridgeport Fittings, Inc. ("Bridgeport") both manufacture electrical conduit fittings which are used to connect electrical wiring and cable. Previously, connecting a cable into an electrical junction box required a threaded lock nut. In 1992, Arlington developed a connector that could simply be snapped into the junction box. Although tools were still required to secure the incoming cable to the connector, Arlington eliminated this problem in 1998 with a patented connector that allowed a cable to be snapped into the connector, which together could then be snapped into the junction box. In 1999, Bridgeport released a similar product line of quick-connect fittings.

On March 19, 2001, Arlington brought an action in this district, No. 3:01-cv-0485 ("the

'0485 Action"), for infringement of U.S. Patents Nos. 5,266,050 ("'050 Patent") and 5,171,164 ("'164 Patent") against Bridgeport's entire line of Snap-In connectors. That action was assigned to the Honorable Christopher C. Conner. Shortly thereafter, on January 28, 2002, Arlington filed the instant action for infringement of United States Patent No. 6,335,488 (the "'488 Patent") against a subset of Bridgeport's products accused in the '0485 Action, namely the 590-DCS and 590-DCSI Speed-Snap connectors (the "Enjoined Connecters"), which was assigned to me. Although the '0485 action proceeded further than the instant action, both were settled as part of an April 17, 2004 settlement agreement.

Following settlement, Bridgeport released a new line of connectors which Arlington found similarly infringing including the connectors currently at issue in this case: the Whipper-Snap 380SP and 38ASP connectors (the "Accused Connectors"). Judge Conner then reopened the '0485 Action and entered a confession of judgment on June 30, 2006. A jury subsequently found that 29 of those new products literally infringed the '050 Patent, that one infringed under the doctrine of equivalents, and that 26 of them were colorable imitations. *See Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 692 F. Supp. 2d 487, 497 (M.D. Pa. 2010). Judge Conner entered a permanent injunction, which expired on December 4, 2011 along with the '050 Patent. *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, CIVA 3:01-CV-0485, 2010 WL 817519, at *8 (M.D. Pa. Mar. 9, 2010).

With the expiration of the '050 Patent, Arlington returned its attention to the instant matter which had been dormant for almost eight years.[1] It informed Bridgeport that while it was liberated to sell some of the products previously enjoined by the '050 Patent, the two Accused Connectors were infringing on the '488 Patent (which remains valid until 2018). Bridgeport nevertheless began selling the Accused Connectors, and, on January 18, 2012,

---

[1] The Court entered an order on April 23, 2004 stating that the action would be dismissed without prejudice and that the Court would maintain continuing jurisdiction to enforce the terms of the Settlement Agreement between the parties. (Doc. 42.)

2

Arlington filed an Unopposed Motion to Enter Defendant's Confession of Judgment and Injunction. (Doc. 44.) This motion was granted, the matter was reopened, and the Clerk of Court was directed to enter the Confession of Judgment and Injunction. (Doc. 46.) That Confession of Judgment provided "that Claim 1 of United States Patent No. 6,335488, which is not invalid and not unenforceable, is infringed by the manufacture, sale and offer of sale of the following Bridgeport's Speed-Snap™ products with external and internal spring steel rings: 590-DCS and 590 DCSI." (Confession at ¶ 1, Doc. 47.)

In order to prohibit the sale of the Accused Connectors, on February 13, 2012, Arlington filed a motion for contempt for violating the above Confession of Judgment. (Doc. 51.) In particular, Arlington moves the Court to hold Bridgeport in contempt for violating the injunction through the sale of the Accused Connectors, to issue an injunction on the Accused Connectors, and to award Arlington two times its lost profits as well as attorney fees. In advance of the hearing on the contempt motion, which is scheduled for October 25 & 26, 2012, the parties filed three motions *in limine* to narrow the evidence that will be presented to the Court at that hearing. Oral argument on these motions was held on August 7, 2012, and the Court filed a Memorandum and Order granting the motions in part and denying the motions in part on August 17, 2012. (Docs. 129–130.)

Bridgeport filed a Motion for Reconsideration of that determination on August 31, 2012 (Doc. 133). Bridgeport argues that the Court should reconsider or clarify parts III.A and III.B of the August 17, 2012 Memorandum and Order, which preclude Bridgeport from relying on the randomly chosen features of a lack of a lip and a lack of a smooth surface on the Accused Connector as a difference between the Accused and Enjoined Connectors. Bridgeport also requests the Court to allow it to present its evidence on claim construction and colorable differences at the evidentiary hearing. (Doc. 133 at 8.) The motion has been briefed and is now ripe for the Court's review.

3

## II. DISCUSSION

### A. Legal Standard

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry. Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 05 1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa.1999).

### B. Randomly Chosen Features

In Parts III.A and III.B of the August 17, 2012 Memorandum and Order, the Court ruled that because Claim 1 of the '488 Patent does not mention a lip or smooth surface, a lack of a lip or a smooth surface on the Accused Connector are randomly chosen features that Bridgeport will be precluded from relying upon as a difference between the Accused Connector and the Enjoined Connector. (Doc. 129 at 10–13.) Bridgeport

4

seeks for the Court to clarify any claim construction ruling in its Memorandum and Order, arguing that the Court did not intend to do so. (Doc. 134 at 3–4.) It also contends that it would be manifestly unjust to Bridgeport for the Court to construe the claim at this stage, as Bridgeport has had an opportunity to present all its evidence in support of its proposed claim construction. (*Id.* at 5.) In the alternative, Bridgeport argues that the Court should reconsider any claim construction ruling because claim construction should be made after a court has had the opportunity to consider intrinsic and extrinsic evidence. (*Id.* at 6.)

The Court finds these arguments to be unavailing and nothing more than an attempt by Bridgeport to relitigate its disagreement with the Court. The Court does not need to clarify its ruling, which states that: limitations two and three of Claim one are the only limitations that will be at issue at the contempt hearing (Doc. 129 at 7); "randomly chosen features" not mentioned in Claim 1 are irrelevant under the first step of the contempt analysis in *TiVo Inc. v. EchoStar Corp.*[2] (*Id.* at 10); and that the lack of a lip or lack of a smooth surface are two such "randomly chosen features" that Bridgeport will not be able to rely upon as a difference between the Accused and Enjoined Connectors (*Id.* at 10–13). Furthermore, as the Court has not committed a clear error of law and Bridgeport cannot to point to any manifest injustice resulting from the Court's decision, its request for reconsideration will be denied.

### III. CONCLUSION

For the above stated reasons, Defendant's Motion for Reconsideration (Doc. 133) is denied.

An appropriate order follows.

October 25, 2012  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge

---

[2] 646 F.3d 869, 882 (Fed. Cir. 2011).