# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ARLINGTON INDUSTRIES, INC.,

    Plaintiff,

        v.

BRIDGEPORT FITTINGS, INC.,

    Defendant.

CIVIL ACTION NO. 3:02-CV-0134

(JUDGE CAPUTO)

## **MEMORANDUM**

Before the Court is a Motion to Stay Proceedings Pending Appeal (Doc. 196) filed by Defendant Bridgeport Fittings, Inc. ("Bridgeport"). On March 19, 2013, the Court granted Plaintiff Arlington Industries, Inc. ("Arlington")'s Motion for Contempt (Doc. 51). Bridgeport appealed the Court's Order granting Arlington's Motion for Contempt and subsequently filed the present motion. Because Bridgeport has failed to show that it will be irreparably injured absent a stay or that the public interest favors a stay, this motion will be denied. Furthermore, Bridgeport's motion to stay will be denied because Bridgeport has not sufficiently demonstrated that it is likely to succeed on the merits or that a stay will not substantially injure Arlington.

## **LEGAL STANDARD**

In deciding whether to grant a motion to stay, courts consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1999). The party requesting the stay "'bears the burden of showing that the circumstances

justify an exercise of that discretion.'" *Supinski v. United Parcel Serv., Inc.*, No. 06-CV-00793, 2012 WL 1622385, at *1 (M.D. Pa. May 9, 2012) (quoting *Nken v. Holder*, 556 U.S. 418, 433-34, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009)). In addition, courts must balance the factors "in light of the individualized considerations" relevant in each case. *Republic of Philippines*, 949 F.2d. at 658. However, stays are "an extraordinary remedy" and are "rarely granted." *Conestoga Wood Specialities Corp. v. Sec'y of U.S. Dep't of Health and Human Servs.*, No. 13-1144, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013). Moreover, failure to establish any one of the four elements above may render the stay inappropriate. *Id. See also Supinski*, 2012 WL 1622385, at *1.

## DISCUSSION

### I. Bridgeport Will Not Be Irreparably Injured Absent a Stay

Bridgeport contends that absent a stay, it will be irreparably and substantially harmed since "the appeal is moving forward and Bridgeport must be allowed to focus its efforts on the appeal rather than be forced to defend a 'two front war.'" (Doc. 197, 22.) Absent a stay, Bridgeport contends that it "would be forced to either pay a substantial sum, or post a substantial bond pending the outcome of the appeal." *Id*. at 19. As Arlington indicates, pecuniary injury alone does not constitute irreparable injury. *Supinski*, 2012 WL 1622385, at *1 ("[Defendant's] only injury would be pecuniary, and this does not constitute an irreparable injury.") (citing *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000)) . Since Bridgeport only alleges potential pecuniary injury, Bridgeport has failed to demonstrate that it will be irreparably injured absent a stay. Therefore, Bridgeport's motion to stay will be denied.

### II. The Public Interest Does Not Favor A Stay

Bridgeport argues that the public interest "in judicial economy overwhelmingly

supports the issuance of a stay." (Doc. 197, 20.)  On the other hand, Arlington argues that Bridgeport's request for a stay "violates the public interest in judicial economy and against piecemeal litigation" as a "blatant attempt to delay the determination of the appropriate amount of sanctions for its contempt." (Doc. 203, 19.)  In addition, Arlington argues that the request for a stay is offensive to the public interest in enforcing valid patents" as well as "the public interest in enforcing judgments." (Doc. 203, 19.)  *See, e.g. Abbott Labs v. Andrx Pharms, Inc.*, 452 F.3d 1331, 1348 (Fed. Cir. 2006); *Tennenbaum Capital Partners, LLC v. Kennedy*, No. 08-mc-00194, 2012 WL 748256, at *4 (E.D. Pa. Feb. 10, 2012). Arlington's arguments on this issue are more persuasive, and the Court is satisfied the public interest does not favor a stay.

### III.    Likelihood of Success on the Merits

Although Bridgeport's motion can be denied based on its failure to satisfy either of the two factors above, it also fails to demonstrate a likelihood of success on the merits. As an initial matter, the parties disagree over whether the Federal Circuit has jurisdiction over Bridgeport's appeal.  Arlington suggests, based on a recent decision from the Federal Circuit dismissing an appeal of a contempt order for lack of jurisdiction, that the Federal Circuit lacks jurisdiction in this case.  *See Aevoe v. AE Tech*, No. 2012-1422, 2013 WL 456301, at *7 (Fed. Cir. Aug. 29, 2013). Thus, as an initial matter, it is unclear that the merits panel assigned to this case will in fact reach the merits of the appeal. (Doc. 203, 10.)

With respect to the substance of the Contempt Order itself, Bridgeport contends that the Court erred in determining that the New Connectors were no more than colorably different from the Old Connectors, ignoring "substantial unrebutted evidence of significant changes to the New Connectors that Bridgeport presented." (Doc. 197, 10.) Bridgeport also contends that the Court erred "when it constructed the term 'cylindrical' to mean 'having the approximate form of a cylinder.'" (Doc. 197, 13.)  However, as Arlington points out, Bridgeport has failed to provide a sufficient basis for the Court to

3

find that there is a strong likelihood that the Court's determinations on these issues will be overturned on appeal.

Finally, Bridgeport asserts that the "Federal Circuit is likely to vacate this Court's injunction because it is overly broad." (Doc. 197, 17.) As Arlington asserts, Bridgeport has not sufficiently demonstrated that it can challenge the underlying scope of the injunction at this phase of litigation. (Doc. 203, 15-16.) However, even if it can, it is not clear that Bridgeport is likely to succeed on the merits of this argument. Therefore, Bridgeport has failed to make a strong showing that it is likely to succeed on the merits of the case.

### III. A Stay Would Substantially Injure Arlington

Although Bridgeport contends that Arlington will not be substantially injured by a stay pending appeal to the Third Circuit since Bridgeport is enjoined from selling the New Connectors, Arlington maintains that it would be substantially injured if deprived of entry of judgment that the Court found it is entitled to after lengthy litigation. (Doc. 203, 17.) Furthermore, Arlington contends that it would be harmed if a stay is granted because this would allow Bridgeport "to pursue an entire appeal without posting a bond to secure Arlington's interest in the lost profits and attorney's fees that even Bridgeport acknowledges Arlington was awarded." *Id*. at 18. The Court agrees that granting the request to stay the proceedings would result in "a substantial delay of justice," (Doc. 203, 18.) Therefore, Bridgeport has failed to demonstrate that a stay would not cause substantial injury to Arlington.

### CONCLUSION

The Court will deny Bridgeport's motion to stay the proceedings pending appeal because Bridgeport has failed to demonstrate that it will suffer irreparable harm absent a stay and that the public interest favors a stay. Bridgeport also fails to demonstrate that it

4

is likely to succeed on the merits, or that Arlington will not be substantially injured if a stay is granted, further supporting denial of the motion to stay.

An appropriate order follows.


November 4, 2013 /s/ A. Richard Caputo
Date   A. Richard Caputo
    United States District Judge