# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## NOTICE OF ENTRY OF
## JUDGMENT WITHOUT OPINION

### JUDGMENT ENTERED: 08/10/2015

The judgment of the court in your case was entered today pursuant to Rule 36. This Court affirmed the judgment or decision that was appealed. None of the relief sought in the appeal was granted. No opinion accompanied the judgment. The mandate will be issued in due course.

Information is also provided about petitions for rehearing and suggestions for rehearing en banc. The questions and answers are those frequently asked and answered by the Clerk's Office.

No costs were taxed in this appeal.

Regarding exhibits and visual aids: Your attention is directed to FRAP 34(g) which states that the clerk may destroy or dispose of the exhibits if counsel does not reclaim them within a reasonable time after the clerk gives notice to remove them. (The clerk deems a reasonable time to be 15 days from the date the final mandate is issued.)

FOR THE COURT

/s/ Daniel E. O'Toole

Daniel E. O'Toole
Clerk of Court


cc: Alan Marshall Anderson
Kathryn Clune
Aaron C. Nyquist
Matthew Robert Palen
Carter Glasgow Phillips
Eric Shumsky
Jacob Ziemowit Zambrzycki

14-1633, 14-1643, 14-1670 - Arlington Industries, Inc. v. Bridgeport Fittings, Inc.
United States District Court for the Middle District of Pennsylvania, Case No. 3:02-cv-00134-ARC

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARLINGTON INDUSTRIES, INC.,**
*Plaintiff-Cross-Appellant*

v.

**BRIDGEPORT FITTINGS, INC.,**
*Defendant-Appellant*

---

2014-1633, 2014-1643, 2014-1670

---

Appeals from the United States District Court for the Middle District of Pennsylvania in No. 3:02-cv-00134-ARC, Senior Judge A. Richard Caputo.

---

**JUDGMENT**

---

KATHRYN CLUNE, Crowell & Moring, LLP, Washington, DC, argued for plaintiff-cross-appellant. Also represented by JACOB ZIEMOWIT ZAMBRZYCKI, San Francisco, CA; CARTER GLASGOW PHILLIPS, Sidley Austin LLP, Washington, DC; ERIC SHUMSKY, Orrick, Herrington & Sutcliffe LLP, Washington, DC.

ALAN MARSHALL ANDERSON, Alan Anderson Law Firm LLC, Minneapolis, MN, argued for defendant-appellant.

Also represented by AARON C. NYQUIST, MATTHEW ROBERT PALEN.

---

THIS CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

PER CURIAM (CHEN, LINN, and HUGHES, *Circuit Judges*).

**AFFIRMED.  *See* Fed. Cir. R. 36.**

ENTERED BY ORDER OF THE COURT

August 10, 2015  
    Date

/s/ Daniel E. O'Toole  
Daniel E. O'Toole  
Clerk of Court

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## INFORMATION SHEET

## FILING A PETITION FOR A WRIT OF CERTIORARI

There is no automatic right of appeal to the Supreme Court of the United States from judgments of the Federal Circuit. You must file a petition for a writ of certiorari which the Supreme Court will grant only when there are compelling reasons. (See Rule 10 of the Rules of the Supreme Court of the United States, hereinafter called Rules.)

**Time.** The petition must be filed in the Supreme Court of the United States within 90 days of the entry of judgment in this Court or within 90 days of the denial of a timely petition for rehearing. The judgment is entered on the day the Federal Circuit issues a final decision in your case. [The time does not run from the issuance of the mandate, which has no effect on the right to petition.] (See Rule 13 of the Rules.)

**Fees.** Either the $300 docketing fee or a motion for leave to proceed in forma pauperis with an affidavit in support thereof must accompany the petition. (See Rules 38 and 39.)

**Authorized Filer.** The petition must be filed by a member of the bar of the Supreme Court of the United States or by the petitioner representing himself or herself.

**Format of a Petition.** The Rules are very specific about the order of the required information and should be consulted before you start drafting your petition. (See Rule 14.) Rules 33 and 34 should be consulted regarding type size and font, paper size, paper weight, margins, page limits, cover, etc.

**Number of Copies.** Forty copies of a petition must be filed unless the petitioner is proceeding in forma pauperis, in which case an original and ten copies of the petition for writ of certiorari and of the motion for leave to proceed in forma pauperis. (See Rule 12.)

**Where to File.** You must file your documents at the Supreme Court.

**Clerk**
**Supreme Court of the United States**
**1 First Street, NE**
**Washington, DC 20543**
**(202) 479-3000**

No documents are filed at the Federal Circuit and the Federal Circuit provides no information to the Supreme Court unless the Supreme Court asks for the information.

**Access to the Rules.** The current rules can be found in Title 28 of the United States Code Annotated and other legal publications available in many public libraries.

Revised December 16, 1999

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

*Questions and Answers*

**Petitions for Panel Rehearing (Fed. Cir. R. 40)
and
Petitions for Hearing or Rehearing En Banc (Fed. Cir. R. 35)**

---

*Q. When is a petition for panel rehearing appropriate?*

A. Petitions for panel rehearing are rarely considered meritorious. Consequently, it is easiest to first answer when a petition for panel rehearing is not appropriate. A petition for panel rehearing should not be used to reargue issues already briefed and orally argued. If a party failed to persuade the court on an issue in the first instance, they do not get a second chance. This is especially so when the court has entered a judgment of affirmance without opinion under Fed. Cir. R. 36, as a disposition of this nature is used only when the appellant/petitioner has utterly failed to raise any issues in the appeal that require an opinion to be written in support of the court's judgment of affirmance.

Thus, as a usual prerequisite, the court must have filed an opinion in support of its judgment for a petition for panel rehearing to be appropriate. Counsel seeking panel rehearing must be able to identify in the court's opinion a material error of fact or law, the correction of which would require a different judgment on appeal.

*Q. When is a petition for rehearing en banc appropriate?*

A En banc decisions are extraordinary occurrences. To properly answer the question, one must first understand the responsibility of a three-judge merits panel of the court. The panel is charged with deciding individual appeals according to the law of the circuit as established in the court's precedential opinions. While each merits panel is empowered to enter precedential opinions, the ultimate duty of the court en banc is to set forth the law of the Federal Circuit, which merits panels are obliged to follow.

Thus, as a usual prerequisite, a merits panel of the court must have entered a precedential opinion in support of its judgment for a petition for rehearing en banc to be appropriate. In addition, the party seeking rehearing en banc must show that either the merits panel has failed to follow decisions of the Supreme Court of the United States or Federal Circuit precedential opinions, or that the merits panel has followed circuit precedent, which the party seeks to have overruled by the court en banc.

*Q. How frequently are petitions for panel rehearing granted by merits panels or petitions for rehearing en banc granted by the court?*

A. The data regarding petitions for panel rehearing since 1982 shows that merits panels granted some relief in only three percent of the petitions filed. The relief granted usually involved only minor corrections of factual misstatements, rarely resulting in a change of outcome in the decision.

En banc petitions have been granted less frequently. Historically, the court has initiated en banc review in a few of the appeals decided en banc since 1982.

*Q. Is it necessary to have filed either of these petitions before filing a petition for certiorari in the U.S. Supreme Court?*

A. No. All that is needed is a final judgment of the Court of Appeals.